IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

AARON GEARLDS, JR.                                                                                         PLAINTIFF

v.                                                                            CIVIL ACTION NO.: 3:11cv269-DPJ-FKB

ENTERGY SERVICES, INC., et al.                                                                       DEFENDANTS

ORDER

This ERISA case is before the Court on the motion of Defendants Entergy Services, Inc. and Entergy Mississippi, Inc. (collectively "Entergy") to dismiss for failure to state a claim [12]. Having fully considered the issues and the parties' submissions in light of the applicable standards, the Court finds Entergy's motion to dismiss should be granted.

I.      Facts and Procedural History

Plaintiff Aaron Gearlds, Jr. was employed by Entergy Mississippi, Inc., from 1976 through 1994, when he went on long-term disability benefits. Compl. [1] ¶ 2. As an Entergy employee, Gearlds was a participant in and beneficiary under an ERISA plan administered by Entergy Services, Inc. *Id.* Gearlds was removed from disability in 2002, and in 2005—at age 55—he took early retirement. *Id.* ¶ 14. Gearlds claims he took early retirement "because the Defendants told him he was eligible for health care benefits," and he, in fact, received health-insurance benefits through Entergy's plan until 2010. *Id.* Because he had health insurance through the Entergy plan, Gearlds waived benefits that became available to him sometime between 2005 and 2010 when his wife retired. *Id.* In 2010, Entergy terminated Gearlds's benefits because, according to Entergy, it discovered that it had mistakenly offered Gearlds benefits when he retired in 2005 even though he was not an eligible employee at that time. *Id.* Gearlds now has no health insurance and claims to have "no other benefit options." *Id.*

Gearlds filed this lawsuit on May 6, 2011, alleging ERISA claims for equitable estoppel and breach of fiduciary duty.  Gearlds contends that Entergy negligently induced him to take early retirement by promising him health-care benefits, that he reasonably relied on Entergy's representations, and he "suffered damages in the form of substantial out-of-pocket and un-reimbursed expenses, and mental and emotional distress." *Id.* ¶ 23.  As relief, Gearlds seeks:

> a.  Any and all of Plaintiff's past expenses medical expenses [sic];
>
> b.  Any and all of Plaintiff's future medical expenses;
>
> c.  Pre-judgment interest and post-judgment interest;
>
> d.  Attorneys' fees and expenses;
>
> e.  Court costs and expenses;
>
> f.  Any and all other damages and/or relief, equitable or otherwise, to which the Plaintiff may be entitled under federal law and/or the laws of the State of Mississippi, and whether or not otherwise specifically demanded pursuant to Fed. R. Civ. P. 45(c).

*Id.* ¶ 31.  Entergy moved to dismiss and the motion is now ripe for determination.  This Court has personal and subject matter jurisdiction.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Ordinarily, a court decides a motion to dismiss for failure to state a claim looking only at the face of the Complaint; if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *see In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2011).  Documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and . . . central to [his] claim," however, are considered part of the pleadings for purposes of a motion under Rule 12(b)(6). *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  Entergy attached to its motion to dismiss excerpts from the relevant plan documents and summary plan descriptions, excerpts from the administrative record of the denial of Gearlds's claim for

3

benefits, and correspondence between Entergy and Gearlds's attorneys regarding his claim denial. Mot. to Dismiss [12] Ex. 1. Gearlds likewise submitted correspondence in response to the motion. Pl.'s Resp. [19] Ex. 1–7. The Court finds, however, that the motion can be decided without reference to the documents.

III.     Analysis

Entergy makes three arguments in favor of dismissal. First, according to Entergy, the relief Gearlds seeks is unavailable under ERISA as a matter of law. Second, Entergy argues that Gearlds's claims are otherwise insufficiently pleaded. Finally, Entergy asserts that Entergy Mississippi, Inc., is not a proper defendant.

    A.     Appropriate Equitable Relief

Gearlds brings his claims pursuant to 29 U.S.C. § 1132(a)(3), which permits a plan "participant, beneficiary, or fiduciary" to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." But Gearlds is not seeking to enjoin any particular act or practice. Rather, he seeks, as "other appropriate equitable relief," a monetary award with which he can pay for past and future medical expenses incurred as a result of the lapse in his coverage. *See* Pl.'s Mem. [20] at 3 ("Plaintiff should be compensated in another form in order to try to pay for the same benefits that Defendants are now refusing to provide."). Entergy argues that the relief Gearlds seeks is not "appropriate equitable relief" and the Complaint must therefore be dismissed.

The term "appropriate equitable relief" in § 1132(a)(3) refers to "those categories of relief that, traditionally speaking (*i.e.*, prior to the merger of law and equity) were *typically* available in equity." *CIGNA Corp. v. Amara*, — U.S. —, 131 S. Ct. 1866, 1878 (2011) (quoting *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2007) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (2000))) (internal quotation marks omitted). Money damages are considered the "classic form of *legal* relief" and are thus not available under §1132(a)(3). *Mertens*, 508 U.S. at 255. And "make-whole" or "extracontractual" damages, such as the monetary value of lost policy proceeds or insurance benefits, are "not equitable in derivation." *Amschwand v. Spherion Corp.*, 505 F.3d 342, 347 (5th Cir. 2007); *see Hobbs v. Baker Hughes Oilfield Operations, Inc.*, 294 F. App'x 156, 159 (5th Cir. 2008) (holding that life insurance proceeds were not available under § 1132(a)(3)).

Gearlds offers no real response to this argument, stating merely—and without legal authority—that if Defendants will not amend the plan to provide benefits "to which he was accustomed, then Plaintiff should be compensated in another form in order to pay for the same benefits." Pl.'s Mem. [20] at 3. He does not dispute that the relief he seeks is not equitable in nature, and he takes no issue with Entergy's authority on this point. As such, the Court finds that the motion to dismiss should be granted on this point alone. *See Hall v. Newmarket Corp.*, No. 5:09cv41-DCB-RHW, 2012 WL 956413, at *2 (S.D. Miss. Mar. 20, 2012) ("Since Hall seeks only past and future medical expenses, pre- and post-judgment interest, attorney's fees and

expenses, and court costs and expenses, she is seeking legal remedies, not equitable relief, and therefore fails to state a claim under ERISA § 502(a)(3)(B).").[1]

B.  Breach of Fiduciary Duty Claim

The parties dispute whether Gearlds plausibly alleges that Entergy's actions constitute discretionary fiduciary conduct sufficient to support a breach of fiduciary duty claim. *See Reich v. Lancaster*, 55 F.3d 1034, 1049 (5th Cir. 1995) (holding that persons carrying out ministerial duties are not fiduciaries unless they exercise discretionary authority). Because the remedy Gearlds seeks for the alleged breach is not available under § 1132(a)(3), however, the Court need not address this issue.

C.  ERISA-Estoppel Claim

To state an ERISA-estoppel claim, Gearlds must allege: (1) a material misrepresentation, (2) reasonable and detrimental reliance upon that representation, and (3) extraordinary

---

[1] In an effort to be thorough, the Court reviewed the Complaint for any equitable relief it may contain. The Complaint does include a prayer for "[a]ny and all other . . . relief, equitable or otherwise, to which the Plaintiff may be entitled under federal law." Compl. [1] ¶ 31(f). But the only remedies listed in the prayer are monetary, such as past and future medical expenses, fees, costs, and expenses. *See* Compl. [1] § V. Thus, "the heart of the plaintiff's prayer for relief" is a legal remedy, and Gearlds suggests no specific equitable remedy in response to Entergy's motion challenging the nature of the relief he seeks. *Crosby v. Bowater, Inc. Ret. Plan*, 382 F.3d 587, 589 (6th Cir. 2004); *see Hall*, 2012 WL 956413, at *2 (concluding a similar catch-all prayer for relief "does not constitute a claim for any particular injunctive or equitable relief, and is insufficient to assert a proper equitable claim") (citing *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 484 F.3d 395, 403 (6th Cir. 2007); *Severstal Wheeling, Inc. v. WPN Corp.*, 809 F. Supp. 2d 245, 262–63 (S.D.N.Y. 2011); *Hall v. Kodak Retirement Income Plan*, 363 F. App'x 103 (2d Cir. 2010); *Tuel v. Shawver Well Co. Inc.*, No. C 05-173-EJM, 2006 WL 839250 (N.D. Iowa Mar. 27, 2006)). Finally, it is notable that Gearlds makes no claim under § 1132(a)(1)(B), which provides a right of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Thus it does not appear that Gearlds asserts entitlement to such equitable relief.

circumstances. *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–45 (5th Cir. 2005).  Entergy disputes the third element, arguing that Gearlds "has not adequately alleged 'extraordinary circumstances' that would warrant estoppel."  Defs.' Mem. [13] at 8.  The Fifth Circuit has yet to flesh out the "extraordinary circumstances" requirement other than to cite, with approval, the Third Circuit's treatment of the issue.  *See High v. E-Systems, Inc.*, 459 F.3d 573, 580 n.3 (5th Cir. 2006) (citing *Curcio v. John Hancock Mutual Life Ins. Co.*, 33 F.3d 226 (3d Cir. 1994)).  Under the Third Circuit's approach, extraordinary circumstances "generally . . . involve acts of bad faith on the part of the employer, attempts to actively conceal a significant change in the plan, or commission of fraud."  *Burnstein v. Retirement Account Plan for Emps. of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 383 (3d Cir. 2003) (quoted in *Belmonte Examination Management Servs., Inc.*, 730 F. Supp. 2d 603, 606 (N.D. Tex. 2010)); *see Sanborn-Alder v. Cigna Group Ins.*, 771 F. Supp. 2d 713, 731 (S.D. Tex. 2011) (concluding defendants' mistakes did not qualify as "bad faith" or "fraud" necessary for a showing of "extraordinary circumstances").

Gearlds's Complaint contains no allegations of any bad faith or intentional misconduct by Entergy.  Indeed, Gearlds characterizes Entergy's conduct as "negligent[ ] induce[ment]."  Compl. [1] ¶ 18.  And while the Complaint conclusorily alleges "that [the] previous allegations as stated constitute extraordinary circumstances," *id.* ¶ 20, this allegation lacks any factual basis from which to draw such a conclusion.  *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

In response to Entergy's motion, Gearlds asserts that the following facts alleged by him, taken together, constitute "extraordinary circumstances": (1) he mistakenly received health

7

insurance coverage for eight years, which led him to believe he would continue to receive that coverage for life and which led him to forego coverage provided through his wife's employee benefit plan, which is no longer available to him;[2] (2) he has no other means of obtaining medical, dental, and vision benefits due to preexisting conditions and other risk factors that would make coverage impossible or cost-prohibitive to procure; and (3) there are "immense coverage expenses at stake." Pl.'s Mem. [20] 5–7.

These considerations lack any suggestion of bad faith, and the circumstances are similar to those in *High*, where the Fifth Circuit suggested that "exceptional circumstances" did not exist. *High*, 459 F.3d at 580 n.3 (holding ERISA-estoppel claim failed for lack of extraordinary circumstances where plaintiff received, for six years, benefits to which he was not entitled). *See also Sullivan v. Monsanto Co.*, 615 F. Supp. 2d 469, 473 (E.D. La. 2009) ("Simply failing to live up to written or oral assurances does not constitute the requisite extraordinary circumstances, and that is all plaintiffs allege here."); *cf. Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 586 (7th Cir. 1999) ("[T]he recognition of negligent misrepresentations as a basis for estoppel claims is inconsistent with the policy concern about not undermining the actuarial soundness of an ERISA plan."). Thus, Gearlds's ERISA-estoppel claim has not been sufficiently pleaded and is due to be dismissed.[3]

---

[2]This allegation addresses the second element of an ERISA-estoppel claim—reasonable and detrimental reliance. The inclusion of the third "extraordinary circumstances" element must require something more than a showing of reasonable and detrimental reliance, or else it would be superfluous.

[3]The result would be the same under § 1132(a)(1)(B), had it been asserted in the Complaint. *See Hughes v. Legion Ins. Co.*, No. H-03-0993, 2007 WL 781951, at *6–*7 (S. D. Tex. Mar. 12, 2007) ("In this circuit, ERISA-estoppel has been applied either in the context of a claim for benefits under § 1132(a)(1)(B) or as a separate equitable theory of releif under §

D.   Claims against Entergy Mississippi

Finally, Entergy argues that Gearlds's former employer, Entergy Mississippi, is not a proper defendant because "there are no plausible allegations that Entergy Mississippi, Inc. has any involvement in benefits administration or the conduct at issue in the Complaint."  Defs.' Mem. [13] at 11.  Ordinarily, the ERISA plan itself is "the only proper defendant in a suit to recover benefits."  *Walker v. Kimberly Clark Corp.*, No. 1:08cv146-SA-JAD, 2010 WL 611007, at *6 (N.D. Miss. Feb. 17, 2010) (collecting cases).  But, when the employer makes a decision to deny benefits or is the plan administrator or sponsor, the employer is a proper defendant in a claim for benefits.  *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 350 (5th Cir. 2003).  Gearlds does not allege that Entergy Mississippi, Inc., sponsored or administered the plan, nor does he allege that it made the decision to terminate his benefits.  *See* Compl. [1] ¶ 2 ("Gearlds was employed by Entergy Mississippi, Inc. . . . [and] was a participant and beneficiary under a plan sponsored by Entergy Corporation and administered by Entergy Services, Inc."); *id.* ¶ 14 ("The plan administrator made the call to cut off benefits saying it was a mistake that Plaintiff was offered the benefits.").  Thus, Gearlds has not plausibly alleged that Entergy Mississippi, Inc., is a proper party, and the claims against it are due to be dismissed for this additional reason.

---

1132(a)(3).").

IV.     Conclusion

For the foregoing reasons, Entergy's Motion to Dismiss [12] is GRANTED and the Complaint is dismissed without prejudice.[4]  A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2012.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g., Iqbal*, 556 U.S. at 687.